IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 18, 2010

**STATE OF TENNESSEE v. EVETTA MAI McGEE**

**Direct Appeal from the Circuit Court for Bedford County**
**No. 16773      Robert Crigler, Judge**

_____

**No. M2009-02266-CCA-R3-CD - Filed September 10, 2010**

_____

The Defendant, Evetta Mai McGee, pled guilty to rape, and the trial court sentenced her to eleven years. On appeal, the Defendant contends the trial court erred when it enhanced her sentence beyond the statutory minimum without explanation. After a thorough review of the record and applicable law, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Robert L. Marlow, Shelbyville, Tennessee, for the Appellant, Evetta Mai McGee.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; Charles Crawford, District Attorney General; Michael D. Randles, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Facts**

This case arises from the Defendant's rape of a fellow inmate while both were incarcerated in the Bedford County Jail. At the time, the Defendant was serving a nine-year sentence for manufacturing, possessing, or selling drugs. During the Defendant's plea submission hearing, the State set forth the following summary of the rape underlying this appeal:

[I]n August 2008 [the Defendant], Brooke Whitaker, Kelly Dodson,

Brandy Holden, Kim O'Neal, and A.D.[1]] were all housed in the same cell at the Bedford County Jail.

On the night of August 20th after lockdown, the lights are cut off by the facility and the door to the cell is locked. [A.D.] was in her bunk when she was approached by [the Defendant] and Brooke Whitaker. They held her down and they began sexually assaulting penetration of her vagina digitally [sic]. Also included oral sex in the form of cunnilingus performed on her.

At one point Brooke Whitaker yelled for other girls to help hold her down. Kelly Dodson and Brandy Holden came over and assisted in holding down [A.D.] while the sexual assault continued.

They did ultimately let go. Essentially everyone let go.

[The victim] checked herself that night. Basically had to cry herself to sleep. She is in the same room with these persons.

The next day after many hours, ultimately she did report it to the authorities.

Investigation was then done, led by Capt. Becky Hord of the sheriff's department in which statements were obtained from numerous individuals. Virtually everyone in the cell gave a statement including Kim O'Neal who was not a participant. She was the only one that was not a participant as a victim or perpetrator. Also girls in other cells who heard [A.D.] screaming no, stop and things like that while the assault went on.

Based upon this conduct, a Bedford County grand jury indicted the Defendant for aggravated rape. The Defendant pled guilty to rape, with the trial court to determine her sentence.

The trial court held a sentencing hearing, wherein the following evidence was presented: the State introduced the Defendant's presentence report, which showed that the Defendant, who was twenty-two at the time of her offense, was placed in the Department of Children's Services custody after she failed to attend school as a juvenile. In the eleventh grade, she dropped out of Central High School in Shelbyville. Throughout the next four years, the Defendant was sporadically employed and collected several criminal convictions, which included the manufacture, sale, or possession of drugs; possession of less than .5

---

[1]In order to protect the victim's privacy, we will refer to her only by her initials.

ounces of marijuana; shoplifting; and failure to use a safety belt/child restraint. The Defendant violated a one-year probation sentence she received for her marijuana possession and shoplifting convictions. She was serving the nine-year sentence she received for possession, sale, or manufacture of drugs when she committed the rape in this case.

The Defendant stated to the officer preparing her presentence report that she suffered from depression and insomnia, that her mother was an alcoholic, and that she herself had never used drugs. The Defendant testified at her sentencing hearing that she and the victim had no "ill words or confrontation" the morning following the rape. At the conclusion of the sentencing hearing, the trial court applied three statutory enhancement factors and sentenced the Defendant, who the parties agreed was a Range I, Standard offender, to eleven years, to be served consecutively to the nine-year sentence she was serving at the time of this offense. The Defendant now appeals this judgment.

## II. Analysis

On appeal, the Defendant does not challenge the trial court's application of enhancement factors but rather contends that the trial court did not sufficiently explain its reasons, apart from the factors' applicability, for sentencing the Defendant to three years above the statutory minimum. The State responds that the trial court adequately stated on the record its reasoning for departing from the minimum sentence.

When a defendant challenges the length, range, or manner of service of a sentence, this Court must conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d) (2006). This presumption, however, is conditioned upon the affirmative showing in the record that the trial court properly sentenced the defendant. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). As the Sentencing Commission Comments to this section note, the burden is on the appealing party to show that the sentencing is improper. T.C.A. § 40-35-401, Sentencing Comm'n Cmts. If the trial court followed the statutory sentencing procedure, made findings of facts which are adequately supported in the record, and gave due consideration to the factors and principles relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result was preferred. T.C.A. § 40-35-103 (2006), *State v. Ross*, 49 S.W.3d 833, 847 (Tenn. 2001). The presumption does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court which are predicated upon uncontroverted facts. *State v. Dean*, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); *State v. Butler*, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); *State v. Smith*, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994). In the event the record fails to demonstrate the required consideration by the trial court, appellate review of the sentence is purely de novo. *Ashby*,

823 S.W.2d at 169.

In conducting a de novo review of a sentence, we must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing. *See* T.C.A. § 40-35-210 (2009); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

The Criminal Sentencing Act of 1989 and its amendments describe the process for determining the appropriate length of a defendant's sentence. Under the Act, a trial court may impose a sentence within the applicable range as long as the imposed sentence is consistent with the Act's purposes and principles. T.C.A. § 40-35-210(c)(2) and (d) (2006); *see State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008). The Tennessee Code allows a sentencing court to consider the following enhancement factors, among others, when determining whether to enhance a defendant's sentence:

(1) The defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range;

. . .

(3) The offense involved more than one (1) victim;

. . .

(13) At the time the felony was committed, one (1) of the following classifications was applicable to the defendant:
    . . .
    (I) Incarcerated in any penal institution on a misdemeanor or felony charge or a misdemeanor or felony conviction

T.C.A. § 40-35-114(1), (3), and (13) (2006).

In order to ensure "fair and consistent sentencing," the trial court must "place on the record" what, if any, enhancement and mitigating factors it considered as well as its "reasons for the sentence." T.C.A. § 40-35-210(e). Before the 2005 amendments to the Sentencing

4

Act, both the State and a defendant could appeal the manner in which a trial court weighed enhancement and mitigating factors it found to apply to the defendant. T.C.A. § 40-35-401(b)(2) (2003). The 2005 amendments deleted as grounds for appeal, however, a claim that the trial court did not properly weigh the enhancement and mitigating factors. *See* 2005 Tenn. Pub. Acts ch. 353, §§ 8, 9. In summary, although this Court cannot review a trial court's weighing of enhancement factors, we can review the trial court's application of those enhancement factors. T.C.A. § 40-35-401(d) (2006); *see Carter*, 254 S.W.3d at 343.

In this case, the parties agree that the trial court properly applied enhancement factors (1), (2), and (13) to enhance her sentence. The Defendant argues, however, that the trial court failed to offer sufficient additional explanation for raising the Defendant's sentence above the statutory minimum eight-year sentence for a Class B felony committed by a Range I, Standard offender.

The trial court first noted that, in setting the Defendant's sentence, it relied on the proof adduced at the plea and sentencing hearings, the principles of sentencing, the nature and characteristics of the criminal conduct, the applicable enhancement factors, and the Defendant's rehabilitative potential or lack thereof. The parties agreed that the Defendant was a Range I, Standard offender. The trial court declined to apply two enhancement factors requested by the State but applied enhancement factor (1), that the Defendant had a long criminal record; enhancement factor (2), that the Defendant was a leader in the offense; and enhancement factor (13), that the Defendant was incarcerated at the time of the felony she committed.

The trial court described the Defendant's offense as "extremely serious" and determined that, given the fact that incarceration clearly did not deter the Defendant from re-offending, "the length of sentence just has to go up to try to create deterrence." Finally, noting that the Defendant's prior record was shorter than that of her co-defendant, Brooke Whitaker, the trial court sentenced the Defendant to eleven years.

This eleven-year sentence was, by operation of law, to be served consecutively to the nine-year sentence the Defendant was serving during the commission of this offense. Exceeding its procedural obligations, however, the trial court made additional *Wilkerson*[2]

---

[2]*State v. Wilkerson* discusses two findings a trial court must make in order to impose consecutive sentencing based upon criteria (3), that the defendant is a dangerous offender. 905 S.W.2d 933 (Tenn. 1995). In this case, consecutive sentencing was mandatory given that the offense was committed during the Defendant's service of a jail term, so the trial court's *Wilkerson* findings were ultimately unnecessary. The trial court noted that its findings might be "redundant and unnecessary" but explained it made the findings in an abundance of caution.

findings that the Defendant's resultant twenty-year sentence was "justly deserved in relation to the seriousness of the offense" and that her sentence was "no greater than that deserved under the circumstances."

The trial court properly relied on the principles of sentencing, the facts of the offense, and the applicable enhancement factors. T.C.A. § 40-35-103. It emphasized the "extremely serious" nature of the victim's rape as well as the apparently irrepressible nature of the Defendant's criminal conduct when it raised the Defendant's sentence above the statutory minimum. Thus, the trial court properly "placed its reasons" for the Defendant's eleven-year sentence on the record. *See* T.C.A. § 40-35-210(e). We conclude the trial court properly sentenced the Defendant. She is not entitled to relief.

### III. Conclusion

After a thorough review of the facts and relevant authorities, we conclude the trial court properly sentenced the Defendant. As such, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE